### HOOKS v. DEERFIELD GROVES CO.

Circuit Court, Palm Beach County.

April 29, 1955.

Harry Goodmark, West Palm Beach, for plaintiff.

Culver Smith, West Palm Beach, for defendant.

## C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court. The jury brought in a verdict for the plaintiff in the amount of $2,500.

The case involves a collision between a truck going south and a Buick sedan, in which the plaintiff was a passenger, which was going north.

Plaintiff testified that her mother, who was driving the car in which she was riding, swerved to the right on the shoulder of the road, in order to miss a cat, and then swerved back on the road and was heading north in her proper right hand lane at the time of the collision. The mother testified to about the same, except that she was not certain that her car was headed straight north at the time of the collision.

The truck driver testified that he was proceeding south in his own lane and that the car of the plaintiff swerved to the east side of the road which was plaintiff's right hand side, on to the shoulder of the road, and then apparently losing control of the car plaintiff's mother drove across the north bound lane into the south bound lane, where he was driving, when the collision occurred.

The state trooper who examined the scene later, testified that the point of impact as discernible from all the evidence, was on the south bound lane of traffic. This was further corroborated by marks on the pavement.

The road was clear and, at the point of the collision, not on any perceptible curve. Both cars were apparently being operated at a moderate rate of speed.

On the evidence—although briefly stated in this order—the jury brought in a sympathy verdict for the plaintiff, a negro woman, who was seriously injured. The verdict was against the corporation, which had a negro truck driver.

The version of the plaintiff is wholly unworthy of belief. The photographs of the automobiles, together with the other evidence, clearly demonstrate that the collision did not occur on plaintiff's side of the road—but did occur in the south bound lane of traffic.

The court determines that the verdict was against the manifest weight of the evidence.

Thereupon, it is ordered that the motion to set aside the verdict and for the entry of judgment for the defendant be denied, and that the motion for new trial filed by the defendant be granted on grounds 4, 5 and 6.